BARRY A. GOLD President, Board of Visitors Oswald D. Heck Developmental Center
This is in response to your letter requesting the opinion of the Attorney General as to whether the members of a board of visitors of a mental hygiene facility are "officers and employees" of the State for purposes of section 17 of the Public Officers Law. You make this request on behalf of the Board of Visitors of the Oswald D. Heck Developmental Center, of which you serve as President.
Section 17 of the Public Officers Law, enacted by chapter 1104 of the Laws of 1971, effective July 2, 1971, as amended, provides, in part:
 "§ 17. Indemnification of officers and employees of the state
 "1. The state shall save harmless and indemnify all officers and employees of the state from financial loss arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act by such officer or employee provided that such officer or employee at the time damages were sustained was acting in the discharge of his duties and within the scope of his employment and that such damages did not result from the willful and wrongful act or gross negligence of such officer or employee * * *."
Section 2 of the Public Officers Law provides, in pertinent part, as follows:
 "The term 'state officer' includes every officer for whom all the electors of the state are entitled to vote, members of the legislature, justices of the supreme court, regents of the university, and every officer, appointed by one or more state officers, or by the legislature, and authorized to exercise his official functions throughout the entire state, or without limitation to any political subdivision of the state, except United States senators, members of congress, and electors for president and vice-president of the United States. * * *" (Emphasis supplied.)
The Oswald D. Heck Developmental Center is a hospital within the department of Mental Hygiene, established for the care and treatment of the mentally disabled (Mental Hygiene Law, § 7.15). Section 7.19 of the Mental Hygiene Law provides, in pertinent part, as follows:
"§ 7.19 Boards of visitors
 "(a) Each hospital and school in the department shall have a board of visitors consisting of seven members. Members appointed or reappointed after the effective date of this chapter shall be appointed for four year terms by the governor, by and with the advice and consent of the senate. A visitor may be removed by the governor for cause after notice and an opportunity for a hearing on the charges.
* * *
 "(c) If the department facility serves an area, as established by the regulations of the commissioner, the visitors shall reside at the time of appointment or reappointment in such area. If no specific area is designated, the visitors shall reside at the time of appointment or reappointment in the mental health and mental retardation area, established by the commissioner, in which the department facility is located.
* * *
 "(1) Members of the boards of visitors shall be considered officers of the department for the purposes of section seventy-three and seventy-four of the public officers law relating to business or professional activities by state officers and employees and the code of ethics." (Emphasis supplied.)
Pursuant to the above stature, the members of the Board of Visitors of the Oswald D. Heck Developmental Center are appointed by the Governor. Although there are prescribed residence requirements for the members under subdivision c of section 7.19 (as reproduced above), the members' official functions are not specifically limited by statute to any political subdivision of the State, although, as a practical matter, their official functions would normally be confined to the area served by the Heck Developmental Center. The members have broad powers of investigation, including the power to subpoena witnesses and compel the production of books and records. It, therefore, appears that they would be considered "state officers" within the meaning of section 2 of the Public Officers Law.
This conclusion is supported by the legislative history behind section17 of the Public Officers Law as it applies to the Department of Mental Hygiene. The present Mental Hygiene Law was enacted by chapter 251 of the Laws of 1972, effective January 1, 1973. The former Mental Hygiene Law, repealed by chapter 251, had provided, in section 44 thereof, that:
 "No civil action shall be brought in any court against the commissioner or an officer or employee of the department of mental hygiene, member of the board of visitors or an officer or employee of a state institution in the department or other person rendering authorized personal services to patients at any such institution, in his personal capacity, for alleged damages because of any act done or failure to perform any act, while discharging his official duties, without leave of a judge of the supreme court, first had and obtained. Such commissioner, visitor, officer, employee or other person rendering authorized personal services to patients in any such action shall not be liable in damages if he shall have acted in good faith, with reasonable care and upon probable cause. * * *." (Emphasis supplied.)
The above provision derives from the Insanity Law of 1909 (L. 1909, ch. 32). The statutory indemnity for members of boards of visitors, therefore, is long-standing. When section 17 of the Public Officers Law was enacted by chapter 1104 of the Laws of 1971, effective July 2, 1971, the former Mental Hygiene Law (including section 44 thereof) was still in effect. At the time, many of the Consolidated Laws contained indemnity provisions indemnifying various State officers from liability for their official acts. Upon the enactment of section 17, many of those provisions were repealed. However, section 44 of the Mental Hygiene Law was not repealed when section 17 of the Public Officers Law was enacted. It continued to exist, and became section 9.11 of the new Mental Hygiene Law, effective January 1, 1973. In 1973, however, section 9.11 was repealed (ch. 224 of Laws of 1973), and a new
section 9.11 was enacted, dealing only with an indemnity to be provided for participants in the mental health volunteer program who are sued civilly in connection with their volunteer duties.
The legislative memoranda and statements submitted with the bill which became chapter 224 of the Laws of 1973 indicate that the intent of the bill was to expand the indemnity already provided to officers and employees of the Mental Hygiene Department to include authorizedvolunteer workers. The memoranda demonstrate that the Legislature apparently felt that former section 9.11 could therefore be repealed because adequate coverage for those persons within its scope, including members of a board of visitors, was already provided by section17 of the Public Officers Law.
In view of the above, we conclude that a member of a board of visitors of a hospital in the Department of Mental Hygiene is an Officer of the State for purposes of section 17 of the Public Officers Law.